UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-31163
_____

MARY ELLEN SEMIEN; ROSE A. BATISTE;
LEORA M. DAVIS; PATRICK PORCHE; ANNIE DERUSO,

Plaintiffs-Appellants,

versus

PIZZA HUT OF AMERICA, INC.; NPC
INTERNATIONAL, INC.; TRACY ANGERSTEIN,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Western District of Louisiana
(98-CV-168)
_____

December 13, 1999

Before JONES, BARKSDALE, and DENNIS, Circuit Judges.

PER CURIAM:[1]

For this appeal from the summary judgment granted Appellees in this Louisiana diversity action, at issue is whether black residents of north Lake Charles, Louisiana, have created a material fact issue for their intentional discrimination claim against Pizza Hut, based on its *not* delivering pizza to their neighborhood. Concluding that they have *not*, we **AFFIRM**.

I.

The nearest Pizza Hut (the Highway 14 store) does *not* include in its delivery area Appellants' predominantly black-resident

_____

[1]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

neighborhood. Appellants' resulting diversity action claimed intentional racial discrimination, in violation of Louisiana Revised Statute § 51:2447, which prohibits discrimination in public accommodations.

Pizza Hut sought summary judgment, contending that its delivery area decisions are based on "drive time", to facilitate prompt delivery of hot pizza. The district court awarded summary judgment to Pizza Hut, concluding that Appellants failed to show, for summary judgment purposes, that Pizza Hut intentionally discriminated against Appellants because of their race. In fact, the court found that there was *no* evidence of intentional discrimination. Appellants' Rule 59(e) motion was denied.

## II.

We review a summary judgment *de novo*, applying the same test as did the district court. *E.g., Tolson v. Avondale Indus., Inc.*, 141 F.3d 604, 608 (5th Cir. 1998). Such judgment is appropriate when "the [summary judgment record] show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law". FED. R. CIV. P. 56(c); *e.g., Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). If the movant shows there is *no* material fact issue, the nonmovant must then "set forth specific facts" as to each element of his claim, "showing that there is a genuine issue for trial". FED. R. CIV. P. 56(e); *e.g., Little*, 37 F.3d at 1075 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The summary judgment evidence, and reasonable inferences from it, are

viewed in the light most favorable to the nonmovant.  *E.g.*, ***Coleman v. Houston Indep. Sch. Dist.***, 113 F.3d 528, 533 (5th Cir. 1997).

The Louisiana statute at issue, which is substantively similar to Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a(a), provides:

> Except as otherwise provided in this Chapter, it is a discriminatory practice for a person to deny an individual the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation, resort, or amusement, as defined in this Chapter, on the grounds of race, creed, color, religion, sex, age, disability ... or national origin.

LA. REV. STAT. ANN. § 51:2247.

Appellants contend that, for purposes of their claim under this statute, they have created a material fact issue regarding intentional racial discrimination.  They maintain that the statistics they cite, combined with Pizza Hut's failure to provide delivery in their 90% black-resident neighborhood, are, for purposes of avoiding summary judgment, sufficient circumstantial evidence of the claimed discriminatory intent.[2]  They contend that

---

[2]In their appellate brief, Appellants contend that Pizza Hut "acted with an intent to discriminate on the basis of race". Whether they advocated a disparate impact analysis in district court is unclear.  In their complaint, they allege that Pizza Hut's delivery practice "predominantly impacts African-Americans".  In response to the summary judgment motion, they contended that § 51:2447 does *not* require a showing of intent, and that their statistics demonstrate disparate treatment.  In any event, in their appellate brief, Appellants reiterate that their statistics show disparate treatment, but apparently in the context of their contention, as noted, that they have shown sufficient circumstantial evidence of *intentional discrimination*. Accordingly, we address *only* intentional discrimination *vel non*.

Pizza Hut's proffered "drive time" goals are a pretext, because their neighborhood is accessible within four minutes.

In support of summary judgment, Pizza Hut presented three affidavits. Charles Ruffo, who managed the region for Pizza Hut when the delivery area was set, denied that race was a factor in its delivery area determination. He stated that, instead, Pizza Hut implemented a corporate policy of basing the delivery area on "drive time", and that, as a *restaurant-based delivery service*, Pizza Hut has a shorter drive time than a *delivery and carry-out service*. Tracy Angerstein, the current manager of the Highway 14 store, which has been owned by Appellee NPC International, Inc., a Pizza Hut franchisee, since 1997, stated that she has *not* changed the delivery area set by Pizza Hut. And, Linda Jacobsen, associated with a demographic data provider, stated that the Highway 14 store's delivery area consisted predominantly of black residents, including a higher percentage of black residents than Lake Charles as a whole, which is predominantly white; and that at least one predominantly white-resident neighborhood, south of the Highway 14 store, is *not* within the delivery area of any Pizza Hut.

In the approximately two-page argument portion of their appellate brief, Appellants' challenge to the summary judgment rests on two bases. First, they offer statistics of the racial makeup of Lake Charles and of Pizza Hut's city-wide delivery service, which they claim demonstrate that two-thirds of the white, but only half of the black, populations are being served. Second, they rely on an unsigned, unnotarized affidavit which states that

the northern boundary of the delivery area (which is just south of Appellants' community) is only a three to four minute drive from the Highway 14 store.[3]

In the light of their sparse portion of the summary judgment record, Appellants attempt to prove far too much with far too little. The "evidence" on which they rely is faulty, to say the least: their statistics appear to be miscalculated[4]; and, it goes without saying that an unsigned, unnotarized affidavit is *not* valid summary judgment evidence. But, even if that document were proper, it establishes, at most, that drive times may vary, traffic conditions may have changed since the delivery area was drawn, or that Pizza Hut may have miscalculated the drive time to Appellants' neighborhood. In short, Appellants have *not* created the requisite material fact issue.

### III.

For the foregoing reasons, the judgment is

*AFFIRMED*.

---

[3]In submitting this document in district court, Appellants stated that a notarized substitute would be filed/substituted. But, it is *not* in the record on appeal.

[4]For example, if Appellants are correct that two-thirds of Lake Charles' white population is eligible for Pizza Hut's delivery service, then, based on their numbers, this would amount to delivery to 26,958 white customers, *not* the 42,261 calculated by Appellants.

- 5 -